IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUANE E. HENLINE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-1944-D-BH |
| | § | |
| KILOLO KIJAKAZI, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is the plaintiff's *Petition and Brief for Award of Attorney Fees under the Equal Access to Justice Act*, filed April 20, 2022 (doc. 26). Based on the relevant findings, evidence, and applicable law, the application should be **GRANTED**.

**I. BACKGROUND**

On July 23, 2020, Duane E. Henline (Plaintiff) filed a complaint seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner)[2] denying his claims for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. (doc. 1.)[3] On March 22, 2022, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (docs. 21-23.) Plaintiff subsequently moved for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (doc. 26.) The Commissioner does not object to the number of hours claimed or the rate

---

[1]By *Special Order No. 3-251*, this social security appeal was automatically referred for full case management.

[2]At the time this appeal was filed, Andrew Saul was the Commissioner of the Social Security Administration, but Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, so she is automatically substituted as a party under Fed. R. Civ. P. 25(d).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

requested for work performed in 2020 and 2021, but objects to the hourly rate requested for work performed in 2022. (doc. 28 at 1.) She also contends that the award should be made payable directly to Plaintiff, not his counsel. (*Id.* at 4.)

## II. ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if (1) the claimant is the "prevailing party";[4] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12–factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[5] *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam). It is, however, "not necessary for a district court to examine each of the factors independently if it is apparent that the

---

[4]To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

[5]The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000). "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). Accordingly, a court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

court has arrived at a just compensation based upon appropriate standards." *Id.* (citing *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987). The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed"). "[I]t is well established that the most critical factor in determining an award of attorney's fees is the degree of success obtained by the victorious plaintiff [ ]." *Northwinds Abatement, Inc. v. Empl'rs. Ins. of Wausau*, 258 F.3d 345, 354 (5th Cir. 2001) (internal quotations omitted); *see also Hensley*, 461 U.S. at 440 ("[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under" the EAJA.).

Here, as the prevailing party, Plaintiff requests a total of $5,195.57 in attorney's fees for 21.8 hours of attorney work for litigating this appeal in federal court and 2.75 hours of attorney work for preparing and defending the EAJA application. (docs. 26 at 9-10; 29 at 7-8.) This amount is based on 5.8 hours at a rate of $201.20 for work performed in 2020, 14.9 hours at a rate of $211.80 for work performed in 2021, and 3.85 hours at a rate of $226.70 for work performed in 2022. (*Id.*) He has submitted a billing summary setting out detailed time entries for the legal services rendered by counsel.[6] (doc. 26 at 14-16.) The entries show the amount of time expended for each activity and are organized by the date the legal services were rendered in this case between July 9, 2020 and March 24, 2022.[7] (*Id.*)

---

[6]Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).

[7]While some of the entries for multiple activities identify the amount of time expended on each activity, other entries use "block billing," in which multiple activities are lumped in a single time entry. *See C & D Production Services v. U.S. Dep't of Labor*, 376 F. App'x 392, 394 (5th Cir. 2010). It is therefore difficult at times to determine how much time was spent on specific tasks.

**A.     Hourly Rate**

The Commissioner argues that the requested hourly rate of $226.70 for work performed in 2022 is not appropriate under the EAJA. (doc. 29 at 3-4.)

Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court may calculate fees using a higher rate based on an increase in the cost of living or other "special factors," however. *Id.*; *see also Hall v. Shalala*, 50 F.3d 367, 369-70 (5th Cir. 1995). The Consumer Price Index (CPI), as furnished by the U.S. Bureau of Labor Statistics (BLS), has been used to determine the appropriate amount for cost of living increases under the EAJA. *See Cavazos v. Astrue*, No. CA C-09-361, 2011 WL 1004941, at *4 (S.D. Tex. Mar. 1, 2011), *adopted by* 2011 WL 977519 (S.D. Tex. Mar. 16, 2011) (citing *Bode v. United States*, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) (per curiam)). Even though the Fifth Circuit has not specifically determined whether courts should apply the national, regional, or local CPI when calculating fee adjustments under the EAJA, it has emphasized the importance of uniformity in cost-of-living adjustments within courts located in the same city or division. *See Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006). Courts in this division have routinely used the CPI for the Dallas-Fort Worth area (DFW CPI) to calculate the appropriate hourly rate for attorneys under the EAJA. *See Hamblen v. Colvin*, 14 F. Supp. 3d 801, 807 (N.D. Tex. 2014) (collecting cases). Because fee adjustments need not necessarily "track the cost-of-living index for the geographical area," and because "unusual circumstances" may sometimes warrant a greater or lesser adjustment, however, federal courts retain the discretion to "conservatively adjust the rate" according to the facts of each case. *See Baker v. Bowen*, 839 F.2d 1075, 1079 (5th Cir. 1988).

Here, Plaintiff requests that the $125 hourly rate under the EAJA be adjusted using the DFW CPI to calculate the hourly rates for 2020, 2021, and 2022, and provides a table from the BLS with

4

the annual, semi-annual, and monthly CPI numbers for DFW from 1996 to March 2022. (doc. 26 at 7-9, 13.) Plaintiff's calculation of attorney hourly rates for 2020 and 2021 is based on an annual cost-of-living adjustment. (*Id.* at 8.) Because the index number to calculate the annual cost-of-living adjustment is not available for 2022, Plaintiff calculates the attorney hourly rate for 2022 using a monthly cost-of-living adjustment. (*Id.* at 7-8.) Using the DFW CPI, the hourly rates for attorney's fees, including a cost-of-living adjustment, is $201.20 for attorney services performed in 2020,[8] $211.80 per hour for attorney services performed in 2021,[9] and $226.70 per hour for attorney services performed in 2022.[10]

The Commissioner objects to Plaintiff's requested 2022 rate, arguing that the Fifth Circuit has "expressly contemplated calculating increases using the appropriate cost-of-living adjustment on an *annual* basis, and not based on the exact month in which the work was performed." (doc. 28 at 3 (emphasis original)). She cites *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992), which held that "cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." In *Perales*, the Fifth Circuit vacated an EAJA fee award for worked performed in November 1988 that was based on a March 1990 cost-of-living calculation. *Id.* Here, the work was performed in the same month and year of the cost-of-living

---

[8]To compute the annual cost-of-living adjustment for 2020, the difference between the original and 2020 DFW CPI is first calculated. The DFW CPI in April 1996, the month and year the EAJA was amended to set the hourly rate for attorney's fees at $125, was 148.5, and the average DFW CPI in 2020 was 239.081, so the difference is 90.581. That difference is divided by 148.5 to determine the percentage of increase in the CPI, which equals 60.99%. Next, $125 (the hourly rate established in 1996) is multiplied by the latter figure to determine the hourly rate increase, which equals $76.23. That amount is added to $125 and yields an hourly rate of $201.23. Rounding down to the nearest ten cents, the adjusted hourly attorney fee rate for the DFW area equals $201.20.

[9]For 2021, the average DFW CPI was 251.620. Multiplying $125 by the CPI percentage increase since April 1996 yields an hourly rate of $211.80 for work completed in 2021.

[10]For 2022, the March 2022 DFW CPI was 269.347. Multiplying $125 by the CPI percentage increase since April 1996 yields an hourly rate of $226.72. Rounding down to the nearest ten cents, the adjusted hourly attorney fee rate for the DFW area equals $226.70.

adjustment used to calculate the requested hourly rate. (*See* doc. 26 at 7-8.) Accordingly, the hourly rates calculated by Plaintiff are appropriate under the EAJA and should be accepted.

B.   **EAJA Application**

In his reply, Plaintiff also seeks additional fees for the time spent defending the EAJA application. (doc. 29 at 7.)

Under the EAJA, the fee award covers the cost of "all phases of successful litigation" incurred by a party. *INS v. Jean*, 496 U.S. 154, 164-166 (1990)). This includes the fees incurred in defending a fee application. *See Sandoval v. Apfel*, 86 F. Supp. 2d 601, 616 (N.D. Tex. 2000) (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170-71 (5th Cir. 1990)) (awarding plaintiff 28.25 hours for attorney services rendered litigating his EAJA claim); *see also Yearout v. Astrue*, No. 3:10-CV-0430-L-BH, 2011 WL 2988421, at *1 n.1 (N.D. Tex. Mar. 15, 2011) (awarding plaintiff 3.5 hours of attorney work for defending the fee application against Commissioner's objections), *adopted by* 2011 WL 2990368 (N.D. Tex. July 22, 2011); *Dounley v. Astrue*, No. 3-08-CV-1388-O-BH, 2010 WL 637797, at *3 n.1 (N.D. Tex. Feb. 23, 2010) (awarding plaintiff 5.5 hours of attorney work for defending the fee application against Commissioner's objections).

Plaintiff contends that he has expended an additional 1.75 hours "reviewing Defendant's pleadings, conducting legal research and drafting this brief." (doc. 29 at 7.) His request for additional EAJA fees of $396.72 (based on 1.75 hours at an hourly rate of $226.70) for defending against the Commissioner's objections is reasonable for the work performed and should be granted. *See Sandoval*, 86 F. Supp. 2d at 616.

C.   **Receipt of Payment**

The Commissioner argues, and Plaintiff does not appear to disagree, that the award must be made payable to Plaintiff, and not his counsel. (*See* doc. 28 at 4.)

The Supreme Court has held that an award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Adhering to *Ratliff's* express holding, courts in the Fifth Circuit have declined to allow for payment to be made directly to counsel, even in cases where the award is not subject to any offset by the government. *See, e.g., Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *6 (N.D. Tex. Apr. 29, 2013) ("[C]onclud[ing] that the [most] prudent course [was] to follow the express holding of *Ratliff* and require that EAJA fees be made payable to [the] Plaintiff and not his counsel"; acknowledging "the potential need to amend a final judgment should the government later learn within the relevant time frame that it is entitled to offset EAJA fees to pay a debt [owed] to the government"); *see also Jackson v. Astrue*, 705 F.3d 527, 531 & n.11 (5th Cir. 2013) (noting that in contrast to fees awarded under § 406(b) of the Social Security Act, "EAJA fees are paid to the claimant, who may or may not tender the award to counsel"; and that "[b]ecause the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant [may] owe[ ] to the federal government"). Accordingly, the award of fees in this case should be made payable directly to Plaintiff and mailed to his counsel.

### III. RECOMMENDATION

Plaintiff's motion should be **GRANTED**, and he should be awarded $5,195.57 in attorney's fees as follows:

(1) 5.8 hours of attorney work for litigating Plaintiff's appeal in 2020 at an hourly rate of $201.20 ($1,166.96);

(2) 14.9 hours of attorney work for litigating Plaintiff's appeal in 2021 at an hourly rate of $211.80 ($3,155.82);

(3) 1.1 hours of attorney work for litigating Plaintiff's appeal in 2022 at an hourly rate of $226.70 ($249.37);

(4)  1 hour of attorney work for preparation of EAJA attorney's fees application in 2022 at an hourly rate of $226.70 ($226.70); and

(5)  1.75 hours of attorney work for defending EAJA attorney's fees application in 2022 at an hourly rate of $226.70 ($396.72).

The award of attorney's fees in this case should be made payable directly to Plaintiff and mailed to his counsel.

**SO RECOMMENDED** on this 5th day of July, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE